UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PENWELL,<br><br>                Plaintiff,<br>      v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al*.,<br><br>                Defendants. | Case No. 2:21-cv-00547-RAJ-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for August 6, 2021 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a motion to proceed *in forma pauperis* (the "Motion"). Dkt. 6. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 6) be denied and Plaintiff be directed to pay the $402.00 filing fee in order to proceed with this action.

## BACKGROUND

Plaintiff, who is a Washington State prisoner currently incarcerated at the Monroe Correctional Complex, filed an application to proceed *in forma pauperis* and a proposed complaint on April 23, 2021. Dkt. 1. After twice being informed of defects in his *in forma pauperis* application, plaintiff filed the Motion on May 3, 2021. Dkt. 6. Plaintiff's proposed complaint alleges that defendants retaliated against him for his actions as a

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

"tier rep," including removing him from his prison job and offering in replacement only jobs that were inconsistent with plaintiff's disability and religious beliefs. Dkt. 1-1 at 6, 12–13. Plaintiff further alleges that defendants failed to properly process his grievances related to this issue, *Id*. at 7, and that the manner of defendants' assignment of jobs violated plaintiff's Fourteenth Amendment right to equal protection, *Id*. at 9.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency under 28 U.S.C. § 1915(a)—but, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id*. (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)).

Indigent prisoners still receive IFP status if they meet the requirements, but according to § 1915(b), prisoners who seek to proceed IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52.

The "three-strikes rule," contained in §1915(g), states:

[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id*. at 1155.

A review of plaintiff's litigation in this District reveals that plaintiff has accumulated at least three "strikes" under § 1915(g). The Court finds that the following cases constitute strikes—each was filed while plaintiff was incarcerated and each was dismissed for failure to state a claim—before plaintiff initiated this lawsuit,:

- *Penwell v. Highline Community Hospital et al.*, Case No. 2:06-cv-0391-JCC, Dkt. 9, (W.D. Wash. March 22, 2007) (recommending dismissal without prejudice for failure to state a claim pursuant 28 U.S.C. §1915(e)(2)(B)(ii)), *Report and Recommendation adopted*, Dkt. 11 (W.D. Wash. May 14, 2007);

- *Penwell v. O'Donnell*, Case No. 2:08-cv-01697 JLR, Dkt. 8 (W.D. Wash. December 23, 2008) (recommending dismissal without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) as failing to state a claim upon which relief can be granted), *Report and Recommendation adopted*, Dkt. 10 (W.D. Wash. January 23, 2009);

- *Penwell v. Obenland, et al.*, Case No. 2:16-cv-00610-RAJ, Dkt. 25 (W.D. Wash. November 7, 2016) (recommending dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted), *Report and Recommendation adopted*, Dkt. 30 (W.D. Wash. January 12, 2017).

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3

As Plaintiff has incurred at least three strikes, he may not proceed IFP unless he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056. The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff has not made any showing that he was in imminent danger of serious physical injury at the time he filed this case. The claims in this case arise out of plaintiff's loss of his prison job and the processing of his related grievances; there is no allegation of any danger. Dkt. 1-1. He is therefore barred by his three strikes from bringing this action *in forma pauperis*. 28 U.S.C. 1915(g).

## CONCLUSION

For the above stated reasons, the Court should hold that Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Motion (Dkt. 6) be denied. The Court further recommends Plaintiff be ordered to pay the $402.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted and, if the fee is not paid, that this case be dismissed without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 6, 2021**, as noted in the caption.

Dated this 20th day of July, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 5