UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PENWELL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF CORRECTIONS et al,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-00547-DGE<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

On April 23, 2021, Plaintiff, proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983, federal statutes, and the Washington State Constitution alleging that Defendants retaliated against him for his actions as a "tier rep," including removing him from his prison job and offering in replacement only jobs that were inconsistent with plaintiff's disability and religious beliefs. (Dkt. No. 1-1 at 5-27.) Plaintiff further alleges that Defendants failed to properly process his grievances related to this issue, and that the manner of Defendants' assignment of jobs violated Plaintiff's Fourteenth Amendment right to equal protection. (*Id*.)

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

On May 3, 2021, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 6.)

On July 20, 2021, United States Magistrate Judge Theresa Fricke issued a report and recommendation ("R&R") recommending that Plaintiff be denied IFP status because he has accumulated at least three "strikes" pursuant to 28 U.S.C. §1915(b) and did not demonstrate that he was ""under imminent danger of serious physical injury" sufficient to warrant an exception to the three strikes provision. (Dkt. No. 8.)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs in forma pauperis ("IFP") proceedings. The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency under 28 U.S.C. § 1915(a)—but, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir. 1963).

Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." (*Id*.) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)).

Indigent prisoners still receive IFP status if they meet the requirements, but according to § 1915(b), prisoners who seek to proceed IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

The "three-strikes rule," contained in §1915(g) provides that: "[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. (*Id*. at 1155.)

Here, Judge Fricke cited three cases filed by Plaintiff in this Court that were dismissed for failure to state a claim upon which relief could be granted. (Dkt. No. 8 at 3-4.)

Plaintiff does not deny that these cases constitute "strikes" as defined by § 1915(g) but argues that these cases had merit and would have been successful had he been able to articulate himself properly at the time. (Dkt. No. 9 at 1-2.) Plaintiff contends that he has filed successful claims, and argues for the creation of a "strike buy back" program that would allow prisoners to erase strikes from their records once they pay their outstanding IFP debts. (*Id*. at 4.) Plaintiff further argues that the law should permit prisoners to proceed IFP to prevent both physical and mental harm. (Dkt. No. 10 at 1-3.)

Whatever the merits of Plaintiff's proposals, the Court does not have the authority to create a program like the one Plaintiff suggests, nor is it able to unilaterally amend 28 U.S.C. § 1915(g) to include imminent mental injury as an exception to the three strikes rule.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

The Court, having reviewed Plaintiff's complaint, the Report and Recommendation of the Honorable Theresa Fricke, United States Magistrate Judge, any objections thereto, and the remaining record, hereby finds and ORDERS as follows:

(1) The Report and Recommendation is ADOPTED;

(2) Plaintiff's application to proceed IFP (Dkt. No. 6) is DENIED.

(3) Plaintiff is directed to pay the $402.00 filing fee within thirty (30) days of this Order. Failure to timely submit the requisite fee will result in dismissal of this case without prejudice.

(4) As Plaintiff has incurred three strikes under 28 U.S.C. § 1915(g), the Court finds Plaintiff may not proceed with IFP status in the event of any appeal.

(5) The Clerk is directed to send copies of this Order to Plaintiff.

Dated this 3rd day of February, 2022.

David G. Estudillo
United States District Judge